**Tomas V. TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53472.**

Court of Criminal Appeals of Texas.

June 22, 1977.

Rehearing Denied July 13, 1977.

Antonio G. Cantu, San Antonio, on appeal only, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong, Sharon S. MacRae and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for possession of heroin. The jury found the paragraphs in the indictment charging appellant with having been previously convicted of two felonies to be true, and punishment was assessed under V.T.C.A., Penal Code, Sec. 12.42(d), at life.

The record reflects that on June 6, 1975, several San Antonio police officers entered appellant's residence armed with a search warrant. Upon entry of the house, appellant was found seated at the kitchen table. On the table were 245 balloons, some of which contained heroin; a dinner plate with a brown powder substance on same, later determined to be heroin; a spoon and a razor blade. Twenty-five hundred dollars in cash was found under a dresser. Four or five ounces of heroin were seized. Appellant and his wife, Olivia Sanchez, were arrested and tried in a joint trial. The sufficiency of the evidence is not challenged.

Appellant contends in his first ground of error that the trial court erred in overruling his motion to suppress the contraband in that the affidavit underlying the search warrant was insufficient to reflect probable cause. The relevant portion of the affidavit in support of the search warrant provides as follows:

" . . . such belief of the affiant is founded upon the following information: On the 6th of June, 1975, the affiant received information from a reliable and credible person who has given information in the past regarding narcotic traffic which has proven to be true and correct but whoes (sic) name cannot be revealed for security reasons that he the said reliable and credible person did see controlled substance, to wit: heroin unlawfully possessed by Tomas V. Torres and Olivia R. Sanchez on the 5th day of June, 1975 at 3558 W Woodlawn. . . ."

*Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, sets out the following requirements necessary to show probable cause when an unidentified informer is involved:

"The magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant . . . was 'credible' or his information 'reliable.' "

The statements in the affidavit that the informer had personally observed appellant and Olivia Sanchez in possession of heroin at the address where the search warrant was executed only one day before he gave the information to the officer who swore to the affidavit satisfies the first prong of the *Aguilar* test. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; *Smith v. State,* Tex.Cr.App., 496 S.W.2d 90; *Hegdal v. State,* Tex.Cr. App., 488 S.W.2d 782; *Heredia v. State,* Tex.Cr.App., 468 S.W.2d 833.

The second prong of *Aguilar* was fulfilled by the recitations in the said affidavit that the affiant received information from a credible and reliable person who had given information in the past regarding narcotic traffic which had proven to be true and correct. See *Hegdal v. State,* supra; *Collins v. State,* Tex.Cr.App., 502 S.W.2d 743.

Appellant complains that the language in the affidavit that the informer has given information "regarding narcotic traffic" is unclear. We rejected a similar contention in *Barnes v. State,* Tex.Cr.App., 504 S.W.2d 450, where we held that language in an affidavit that the informer had given information on several occasions "concerning narcotic offenses" which had proven true and correct was not vague and ambiguous, and satisfied *Aguilar.* Likewise, appellant's argument that the affidavit is insufficient in that it does not allege the informer was familiar with heroin in order

to identify it is without merit. In *Pecina v. State*, Tex.Cr.App., 516 S.W.2d 401, we held that an affidavit need not state an informer's qualifications to identify heroin. Further, the allegation that the informer had given information in the past "regarding narcotic traffic" which had proven to be correct, when interpreted in a realistic and common sense manner, indicates the informer's familiarity with controlled substances. Appellant also contends that the affidavit is defective because it does not recite to whom the informer had given information in the past. Appellant's contention was answered adversely to him in *Jones v. State*, Tex.Cr.App., 522 S.W.2d 930, where the affidavit stated:

" . . . The source has given information in the past on at least five occasions and on each occasion the information has proven to be true and correct and the information at this time is that the heroin has been observed by the source within the last 24 hours. . . ."

In *Jones*, the Court wrote:

"A realistic and common sense interpretation of the affidavit in the instant case is that the informant had given prior information to both officers who signed the search warrant and swore to the affidavit."

See also *Barnes v. State*, Tex.Cr.App., 504 S.W.2d 450; *Ware v. State*, Tex.Cr.App., 467 S.W.2d 256; *Williams v. State*, Tex.Cr.App., 476 S.W.2d 300; *Curtis v. State*, Tex.Cr.App., 519 S.W.2d 883; and numerous cases which are cited in *Avery v. State*, Tex.Cr.App., 545 S.W.2d 803, holding similar affidavits to be sufficient.

We hold therefore that the affidavit supporting the search warrant presented sufficient underlying circumstances for the magistrate to determine that the informant was reliable and that the heroin was where the informer said it was.

Appellant next contends that the trial court erred in admitting the search warrant and officer's return (not the affidavit upon which the warrant was based) into evidence over his objection.

■ Recitals contained in a search warrant and return are hearsay and are not admissible before the jury for any purpose, and their admission over objection is error. See *Doggett v. State*, Tex.Cr.App., 530 S.W.2d 552, and cases there cited. However, whether the error constitutes reversible error is determined by examining the facts of each case to see if the receipt of the instruments was harmful. See *Doggett v. State, supra.*

In the instant case, the complained-of instruments contain a statement by Officer Carpenter that the search warrant was executed on June 6th and that approximately 8 ounces of heroin were recovered and appellant and Olivia Sanchez were arrested for possession of heroin.

■ At trial, Officer Carpenter testified in much greater detail to substantially the same facts as contained in the search warrant and the return. This Court has held that as a general rule a judgment will not be reversed for the erroneous admission of improper testimony if the same facts were proved by other proper testimony. See *Doggett v. State, supra; Watson v. State*, Tex.Cr.App., 532 S.W.2d 619; *Alvarez v. State*, Tex.Cr.App., 511 S.W.2d 493; *Yates v. State*, Tex.Cr.App., 488 S.W.2d 463. This case is distinguishable from *Figueroa v. State*, Tex.Cr.App., 473 S.W.2d 202, relied upon by appellant, in that the instrument complained of here did not contain hearsay allegations such as are set forth in the affidavit by an unidentified informer who did not testify at trial. Ne error is shown.

Appellant complains that the trial court erred in overruling his objection and motion for mistrial to the State's final argument because said argument injected harmful unsworn testimony before the jury.

The record reflects that during final argument the prosecutor stated:

"MR. ARMSTRONG: Two hundren [sic] and forty-five of these things lying around on the table, a spoon, a razor blade, heroin all over this nice dinner plate right here. You know, he wasn't doing it out in the garage, he wasn't off at some place in the woods doing it that

she didn't have any knowledge about it. He is sitting right there at the kitchen table and she is just looking and he is just fixing these things up, with $2,000.00 hidden under a dresser. But, she didn't know anything about him. And this has been going on for a couple of years."

Appellant's objection that there was no testimony "that this had been going on for two or three years" was sustained and the court instructed the jury to disregard the same. Appellant's motion for mistrial was denied.

■ We find that appellant's objection and the court's prompt instruction to the jury to disregard the argument cured error, if any. See *Young v. State*, Tex.Cr.App., 547 S.W.2d 23; *Lafoon v. State*, Tex.Cr. App., 543 S.W.2d 617; *Smith v. State*, Tex. Cr.App., 516 S.W.2d 415.

Appellant next contends that the trial court erred in refusing to grant him a mistrial after the prosecutor argued before the jury that appellant had failed to call a witness to testify.

The record reflects that the prosecutor argued as follows:

"Well, as Torres says, her [Sanchez's] sister is here. Where is her sister? She is out there in the hallway. They bring her sister in here as to what? Anything about this? They didn't even put her sister on. They didn't put nothing on. Just let everybody—

"MR. GONZALEZ [defense counsel]: I will object to that. The defendants don't have any duty to put on any evidence. We object to the inference that we have to call the sister or any other witness in this case. The burden is on the State and not the defendant. We object to this kind of argument. It is inflammatory, prejudicial and completely improper.

"THE COURT: Overruled.

"MR. GONZALEZ: Note our exception."

Appellant testified before the jury that Sanchez's sister, Mary Zuniga, was out in the hallway of the courtroom.

■ Where the record reflects that witnesses were available to testify for an accused and were not called, a prosecutor's argument that an accused offered no evidence does not constitute improper argument. See *Beal v. State*, Tex.Cr.App., 520 S.W.2d 907; *Mutscher v. State*, Tex.Cr. App., 514 S.W.2d 905; *Garcia v. State*, Tex. Cr.App., 513 S.W.2d 559; *Nowlin v. State*, Tex.Cr.App., 507 S.W.2d 534; *Barker v. State*, 170 Tex.Cr.R. 226, 339 S.W.2d 674. The State may comment on the failure of a defendant to call competent and material witnesses and may also argue that the reason for such failure is that any such testimony would be unfavorable to his defense. *Thomas v. State*, Tex.Cr.App., 519 S.W.2d 430; *Fisher v. State*, 511 Tex.Cr.App., 511 S.W.2d 506.

■ Appellant testified in his own behalf and stated that he was at Zuniga's house on June 5th. The record reflects that Zuniga was available to testify, but that she did not do so before the jury. We find no error in the prosecutor's argument.

Appellant contends that the trial court erred in admitting hearsay evidence over his objection.

The record reflects that Officer Carpenter, during direct examination, testified as follows:

"Q. Did you receive a phone call?

"A. Yes, sir.

"Q. Who was that from, sir?

"A. A reliable and credible informant.

"Q. Without going into the conversation did he give you some information in regard to narcotics?

"A. Yes, sir; he did."

Appellant then objected, and the court sustained the objection and instructed the jury to disregard the answer. The court denied appellant's motion for mistrial.

Carpenter subsequently on direct examination testified as follows:

"Q. All right, sir. Let me hand you what has been marked as State's Exhibit No. 1, sir, and I will ask if you can identify that, sir?

"A. Yes, sir. This is the complaint—this is actually a copy of the complaint.

"MR. GONZALEZ: We will object to any line of testimony about the complaint or search warrant, it has no bearing on the issues before this jury. It is based on hearsay. We object to it most strenuously.

"THE COURT: What did you give him, Counsel?

"MR. ARMSTRONG [prosecutor]: I gave him the complaint just to identify it, Your Honor.

"THE COURT: Okay. The objection is overruled at this point.

"MR. GONZALEZ: Note our exception.

"QUESTIONS BY MR. ARMSTRONG:

"Q. That affidavit right there, without going into the contents, did you personally perpare (sic) that yourself, sir?

"A. Yes, sir; I did.

"Q. All right, sir. After preparing the affidavit in there—I don't want you to go into any conversation, but was it in reference to the phone call that you received, sir?

"MR. GONZALEZ: Again, Your Honor, we will object.

"THE COURT: Sustain the objection to it, Counsel."

This Court has held that where the issue of probable cause has been determined and is not an issue to be submitted to the jury evidence regarding the same should not be introduced before the jury. See *Rosales v. State*, Tex.Cr.App., 399 S.W.2d 541; *Smith v. State*, Tex.Cr.App., 511 S.W.2d 296; *Dawson v. State*, Tex.Cr.App., 477 S.W.2d 277; *Vara v. State*, Tex.Cr.App., 466 S.W.2d 315; *Barber v. State*, Tex.Cr.App., 481 S.W.2d 812.

 However, in the instant case, the trial court instructed the jury to disregard the question and answer. See *Jimenez v. State*, 421 S.W.2d 910. Such action distinguishes the case from the above cases where the trial court overruled the objection and admitted the hearsay testimony into evidence. This Court will not reverse a conviction solely because an improper ques-

tion was propounded to a witness where an instruction to disregard same is given except in extreme cases where the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. See *Bolden v. State*, Tex.Cr.App., 504 S.W.2d 418; *Watson v. State*, Tex.Cr.App., 532 S.W.2d 619; *Ashley v. State*, Tex.Cr. App., 527 S.W.2d 302.

In the instant case, the only evidence regarding probable cause which was introduced before the jury was Carpenter's statement that he received a phone call from a reliable informant regarding narcotic information. The affidavit to the search warrant was not introduced before the jury but only identified, and the question to Carpenter as to whether the affidavit was prepared from the information he received from the informant was not answered. See *Ashley v. State*, supra; *Wood v. State*, Tex. Cr.App., 511 S.W.2d 37; *Kirkpatrick v. State*, Tex.Cr.App., 515 S.W.2d 289.

 We find that the question and answer were not such as to inflame the minds of the jury and the court's instruction cured any error. As to appellant's last objection (to the question), the same was sustained, and appellant did not request an instruction to disregard or make a motion for mistrial. Thus, he has received all the relief he asked for and is in no position to complain. See *Franks v. State*, Tex.Cr. App., 462 S.W.2d 287.

Lastly, appellant contends that the trial court erred in overruling his written objections to the record without a hearing in violation of Art. 40.09, Sec. 7, V.A.C.C.P.

The record reflects that appellant's counsel on appeal filed a timely motion after notice of completion of the record was given and objected to the record being approved until appellant could be returned to San Antonio by bench warrant to personally review the record to determine if it spoke the truth. The motion further stated that appellant's review of the record was necessary because counsel on appeal did not have actual knowledge of the proceedings at trial.

Article 40.09, Sec. 7, supra, provides:

"Notice of completion of the record shall be made by the clerk by certified mail to the parties or their respective counsel. If neither files and presents to the court in writing any objection to the record, within fifteen days after the mailing of such notice and if the court has no objection to the record, he shall approve the same. If such objection be made, or if the court fails to approve the record within five days after the expiration of such fifteen-day period, the court shall set the matter down for hearing, and, after hearing, shall enter such orders as may be appropriate to cause the record to speak the truth and the findings and adjudications in such orders, if supported by evidence, shall be final. In its discretion, the court may require the attendance of the defendant at such hearing. Such proceeding shall be included in the record, and the entire record approved by the court."

The statute mandates a hearing when objections to the record are made so that the record may be made to speak the truth. Appellant's counsel merely requested that appellant be brought to San Antonio to personally review the record. The motion makes no mention of irregularities in the record, nor does it refer to a lack of cooperation by appellant's trial counsel or whether trial counsel had been contacted to review the record. The record reflects that trial counsel and counsel on appeal both resided in San Antonio. Absent an allegation that the record does not speak the truth or lack of cooperation by appellant's trial counsel, we find no error in the trial court's refusal to conduct a hearing before the record was approved.

Upon reviewing other contentions advanced by appellant in his pro se brief, we find they are without merit.

The judgment is affirmed.

Opinion approved by the Court.