**Welton Douglas PALMER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 60247.**

Court of Criminal Appeals of Texas, Panel No. 3.

April 29, 1981.

Bill Roberts, Dallas, for appellant.

Henry Wade, Dist. Atty., William M. Lamb, Rick Russell and Rider Scott, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

Appellant was convicted of possession of heroin. Punishment, enhanced by two prior felony convictions, was assessed at life.

Officer J. D. James, a vice squad investigator for the Dallas Police Department, obtained a warrant to search an apartment located at 3862 Goldman Road in Dallas. Officer James and several other officers, armed with the warrant, went to the apartment, gained entry, found the person named in the warrant, and found a matchbox full of heroin on his person. A complete search of the residence uncovered other items classified as heroin paraphernalia.

Appellant contends that the warrant under which these items were seized did not show probable cause to believe that the informant was capable of recognizing heroin or that there existed probable cause to believe that heroin was on the person or

premises to be searched at the time the warrant was issued. The pertinent portion of the affidavit in support of the warrant reads as follows:

"Affiant, Officer J. D. James, is a Dallas Police Officer and is assigned to the Vice Control Division, Drug Abuse Section of the Dallas Police Department.

"Affiant was contacted by a confidential reliable informant who stated that he was inside apartment 3862 Goldman Road *within the past twenty four hours* and that he observed the black male known to him as Weldon sell another black male one paper of heroin for the sum of twenty five dollars. The confidential reliable informant stated that Weldon had a large number of twenty five dollar papers of heroin in his pocket and that he removed one of the papers and gave it to an unknown black male after the unknown black male had given Weldon twenty five dollars.

"The confidential reliable informant stated that he was inside apartment number 3862 Goldman Road *within the past twenty four hours* and observed the heroin being sold. I, the affiant, received this information from the confidential reliable informant *within the past twenty four hours.*

"I, the affiant, have received narcotics information from this confidential reliable informant on numerous occasions and on each occasion the information has proved to be true and correct. As a result of this informant's information I, the affiant, have made numerous narcotics arrests and filed many felony narcotics cases." (Emphasis added)

In *Torres v. State*, 552 S.W.2d 821 (Tex. Cr.App.1977), this Court, citing *Pecina v. State*, 516 S.W.2d 401 (Tex.Cr.App.1974), held that an affidavit need not state an informer's qualifications to identify heroin.

" . . . Further, the allegation that the informer had given information in the past 'regarding narcotic traffic' which had proven to be correct, when interpreted in a realistic and common sense manner, indicates the informer's familiarity

with controlled substances." *Torres v. State*, supra, at 824.

This portion of appellant's contention is without merit.

■ The second contention of appellant is unclear. If he is contending that the time span between when the informant observed the heroin at the premises and the time the warrant was issued made the information stale, we cannot agree. The affidavit clearly sets out that the heroin was observed on the premises and the information conveyed to the officer all within the twenty-four hour period prior to the warrant's issuance. See *Lopez v. State*, 535 S.W.2d 643 (Tex.Cr.App.1976), where this Court held that the lapse of eleven days between the informant's observations and the passing of the information to the police was not fatal.

■ If it is appellant's contention that the affidavit did not allege that he resided at the premises, then this has been answered adversely to him in *Turner v. State*, 543 S.W.2d 629 (Tex.Cr.App.1976), where it was held that the failure to allege a defendant's residence at the place to be searched did not diminish the probable cause to support the search.

The affidavit in support of the warrant satisfies the requirements of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and the evidence seized pursuant to a search thereunder was properly admitted into evidence.

■ Lastly, appellant contends that the warrant failed to adequately describe the premises to be searched. The test for determining the sufficiency of the description of the place to be searched is whether the description is sufficient to apprise the officers of where they are to conduct the search. *Tyra v. State*, 496 S.W.2d 75 (Tex. Cr.App.1973), cert. denied 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 247.

■ The warrant before us authorized the search of "[a] multi-level, multi-unit, red brick apartment building located at 3862 Goldman Road, Dallas, Texas." The evidence showed that the police searched an

apartment known as 3862 Goldman Road, Dallas, Texas. There is no evidence in the record to show that the place searched was known by any other description, or that the description set forth in the warrant could have applied to any other place or apartment in Dallas or within the complex. See *Johnson v. State*, 469 S.W.2d 581 (Tex.Cr. App.1971). This ground of error is overruled.

The judgment is affirmed.