Charles E. HAMMOND, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–93–01865–CR.

Court of Appeals of Texas, Dallas.

March 20, 1995.

Kenneth Mark Deubner, Dallas, for appellant.

April E. Smith, Asst. Dist. Atty., Dallas, for appellee.

Before OVARD, BARBER and DEVANY, JJ.

**OPINION**

DEVANY, Justice.

In a trial before the court, appellant Charles E. Hammond was convicted of the felony offense of possession of marihuana in an amount of five pounds or less but more than four ounces and was sentenced to ten years' confinement. TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon 1992). Appellant, in his sole point of error, contends that the trial court erred in denying his motion to suppress evidence. We overrule appellant's point of error and affirm the trial court's judgment.

The search warrant used in this case was based on an affidavit prepared by a police officer who obtained his information from an informant. A summary of the pertinent items in the affidavit is as follows:

The affidavit gives the location and detailed description of a single family dwelling; that the dwelling is controlled by appellant; a physical description of appellant; that the affiant believes appellant is in possession of marihuana, a third degree felony; and that the affiant has probable cause for his belief because: "ON MARCH 4, 1993, A CONFIDENTIAL INFORMANT INFORMED ME THAT HE/SHE OBSERVED CHARLES HAMMOND [APPELLANT] IN POSSESSION OF A GREEN LEAFY SUBSTANCE TO WIT: MARIHUANA WITHIN THE PAST TWENTY FOUR (24) HOURS, AT 1733 BOWERS ROAD, DALLAS COUNTY, TEXAS."

The affidavit relates that the affiant was contacted by a confidential, reliable informant who stated he had been in the described residence in the last twenty-four hours and had observed appellant in possession of marihuana. The affidavit then states: "SAID INFORMANT HAS KNOWLEDGE OF WHAT MARIHUANA LOOKS LIKE AND THE WAY IT IS COMMONLY PACKAGED." The affidavit goes on to explain that the affiant believes the informant is credible because he has furnished the affiant with other information concerning drug trafficking in the past and the information proved to be true and correct on each and every occasion.

■ In his sole point of error, appellant complains that the trial court erred in overruling his motion to suppress evidence secured pursuant to a search warrant. Appellant argues that the search warrant did not contain facts from which probable cause could be inferred and, as such, was violative of Article I, Section 9, of the Texas Constitution and article 18.01 of the Texas Code of Criminal Procedure. Specifically, he claims that the affidavit lacks corroboration and gives no basis for the informant's experience with or knowledge of marihuana and its packaging. Appellant maintains that the statements concerning the informant's experience and knowledge are conclusory.

■ This Court does not agree with appellant's reasoning. If a citizen tells a police officer that he was in a house and saw marihuana, and if that citizen has told the police

officer on several previous occasions about drugs and has never been wrong about what he saw, it would appear that the citizen is a reliable source of information as to the identification of drugs.

Where facts and circumstances within the knowledge of a police officer, arising from a reasonably trustworthy source, would warrant a person of reasonable caution to believe that items of contraband or evidence of a crime may presently be found in a specified place, there is probable cause to issue a warrant to search that place. *Cassias v. State,* 719 S.W.2d 585, 587 (Tex.Crim. App.1986).

In *Palmer v. State,* 614 S.W.2d 831 (Tex. Crim.App.1981), we find an affidavit very similar to the one in the instant case. The appellant in *Palmer* contended that the warrant, under which certain items were seized, did not show probable cause to believe that the informant was capable of recognizing heroin or that heroin was on the persons or premises to be searched at the time the warrant was issued. *Palmer,* 614 S.W.2d at 832–33. The Court of Criminal Appeals quoted from *Torres v. State,* 552 S.W.2d 821 (Tex.Crim.App.1977), holding that an affidavit need not state an informer's qualifications to identify heroin. *See Palmer,* 614 S.W.2d at 833. The *Torres* court stated:

> Further, the allegation that the informer had given information in the past "regarding narcotic traffic" which had proven to be correct, when interpreted in a realistic and common sense manner, indicates the informer's familiarity with controlled substances.

*Torres,* 552 S.W.2d at 824.

In the instant case, we find the affidavit fully supports the search warrant and that the affidavit did not have to further substantiate the informant's qualifications and experience since the informant had proven to be reliable in the past. *See Palmer,* 614 S.W.2d at 833; *Torres,* 552 S.W.2d at 824.

We further find that the requirements of article 18.01(b) of the Texas Code of Criminal Procedure, which provides as follows, have been met in full.

No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.

TEX.CODE CRIM. PROC. ANN. art. 18.01(b) (Vernon 1977). Here, the facts contained in the affidavit were sufficient to show probable cause since the informant's qualifications and experience at identifying marihuana and its packaging were not required. *See Palmer,* 614 S.W.2d at 833; *Torres,* 552 S.W.2d at 824.

Finally, we conclude that the mandates of Article I, Section 9 of the Texas Constitution have been met. Section 9 states:

> The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause supported by oath or affirmation.

TEX. CONST. art I, § 9. The search warrant in the instant case fully meets the standards of the constitution by describing the object of the search as near as may be, by showing probable cause based upon detailed information from a reliable source, and is properly supported by oath. *See* TEX. CONST. art I, § 9; *Palmer,* 614 S.W.2d at 833; *Torres,* 552 S.W.2d at 824.

We find the appellant's contentions are without merit. His point of error is overruled.

We affirm the trial court's judgment.