Blackburn v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-01-464-CR

KEVIN BLACKBURN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 362
ND
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Kevin Blackburn appeals from his conviction for manufacture of 400 grams or more of methamphetamine.  We will affirm.

Sufficiency of Evidence

In his seventh point, appellant challenges the legal sufficiency of the evidence to establish that the total weight of the methamphetamine he had manufactured was 400 or more grams.  

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict.  
Cardenas v. State, 
30 S.W.3d 384, 389-90 (Tex. Crim. App. 2000); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).  The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
McDuff v. State
, 939 S.W.2d 607, 614 (Tex. Crim. App.), 
cert. denied
, 522 U.S. 844 (1997).

The indictment alleged that, on March 23, 2001, appellant had manufactured “a controlled substance, namely, methamphetamine, in an amount of four hundred (400) grams or more by aggregate weight including any adulterants and dilutants.”  A chemist from the Texas Department of Public Safety testified that the aggregate weight of the various powder exhibits she had tested was 5.72 grams, and the aggregate weight of the two liquid exhibits she had tested was 824.15 grams.  The chemist testified that these weights included adulterants and dilutants, as well as any “reaction by-products” resulting from the manufacturing process.  

Appellant contends that, because the State failed to prove that the reaction by-products were “immediate precursors”
(footnote: 2) of the methamphetamine, the State cannot rely on the total calculated weights of the exhibits to prove the weight of the controlled substance, including any adulterants and dilutants.  The indictment did not allege, however, nor did the State seek to establish, that the reaction by-products were immediate precursors of the methamphetamine.  Appellant’s reliance on 
Dowling v. State,
 885 S.W.2d 103, 107-09 (Tex. Crim. App. 1992) (op. on reh’g), 
Cawthon v. State,
 849 S.W.2d 346, 348-49 (Tex. Crim. App. 1992) (op. on reh’g), 
and 
Reeves v. State,
 806 S.W.2d 540, 542 (Tex. Crim. App. 1990) (op. on reh’g), 
cert. denied,
 499 U.S. 984 (1991) is misplaced. The judicially-created definitions of “controlled substance” and “adulterants and dilutants” in these cases had all been superseded by statute by the time of the charged offense.  
See Jackson v. State,
 No. 12-01-061-CR, slip op. at 3-5, 2002 WL 1699895, at *2-3 (Tex. App.—Tyler July 24, 2002, pet. ref’d); 
Williams v. State,
 936 S.W.2d 399, 405 (Tex. App.—Fort Worth 1996, pet. ref’d).

The term “controlled substance” now includes the aggregate weight of any mixture, solution, or other substance containing a controlled substance.  
Tex. Health & Safety Code Ann. 
§ 481.002(5).  “Adulterant or dilutant” means “any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance.”  
Id.
 § 481.002(49).  Both of these definitions are broad enough to encompass the reaction by-products about which the DPS chemist testified.  Because the evidence shows that the State proved exactly what was alleged in the indictment—that appellant had manufactured 400 grams or more of a controlled substance, including adulterants and dilutants—the evidence is legally sufficient to support appellant’s conviction.  We overrule appellant’s seventh point.

Pretrial Motion to Suppress

In his first point, appellant complains that the trial court improperly overruled his pretrial motion to suppress the evidence the police obtained pursuant to a search warrant.  Appellant asserts that:  the affidavit on which the warrant was based did not establish probable cause of criminal activity at the 903 Lindsey Street residence where the evidence was seized; the information the confidential informant provided the affiant was not sufficiently corroborated because the informant failed to tell the police officers the specific location of the Lindsey Street residence and failed to state that the informant had in fact seen appellant manufacture methamphetamine; and the items to be seized were not described with sufficient particularity in the probable cause affidavit.  

Whether the facts alleged in a probable cause affidavit sufficiently support a search warrant is determined by examining the totality of circumstances.  
Illinois v. Gates,
 462 U.S. 213, 228-29, 103 S. Ct. 2317, 2326-27 (1983); 
Ramos v. State,
 934 S.W.2d 358, 362-63 (Tex. Crim. App. 1996), 
cert. denied,
 520 U.S. 1198 (1997).  We review a trial court’s probable cause determination de novo, giving great deference to the magistrate’s decision concerning whether a substantial basis for probable cause exists.  
State v. Duncan,
 72 S.W.3d 803, 806-07 (Tex. App.—Fort Worth 2002, pet. dism’d).  The allegations in the affidavit are sufficient if they would justify a conclusion that the object of the search is probably on the premises.  
Ramos,
 934 S.W.2d at 363.

We have carefully reviewed the affidavit at issue here and hold that the affidavit establishes probable cause and describes with particularity the items to be seized.  
See id.
; 
Gonzales v. State,
 577 S.W.2d 226, 230 (Tex. Crim. App. [Panel Op.]), 
cert. denied,
 444 U.S. 853 (1979); 
Hammond v. State,
 898 S.W.2d 6, 8 (Tex. App.—Dallas 1995, no pet.);
 King v. State,
 856 S.W.2d 610, 612 (Tex. App.—Waco 1993, no pet.).  We overrule point one.

Jury Charge

The court’s charge instructed the jury:  “It is not required that the prosecution proves guilt beyond all possible doubt; it is required that the prosecution’s proof excludes all reasonable doubt concerning the defendant’s guilt.”  In his second point, appellant contends that this instruction is an improper comment on the weight of the evidence and is contrary to the court of criminal appeals’ decision in 
Paulson v. State,
 28 S.W.3d 570 (Tex. Crim. App. 2000).  We have previously rejected this argument based on an identical jury instruction.  
Vosberg v. State,
 80 S.W.3d 320, 324 (Tex. App.—Fort Worth 2002, pet. filed).  We overrule point two.

Challenge for Cause

In his third point, appellant complains that the trial court improperly granted the State’s challenge for cause of a potential juror who stated during voir dire that he “had a problem” with the minimum penalty of fifteen years because that was a “hell of a long time” and that he considered the maximum penalty of life “ridiculous.”  His response to the court’s question, “[C]an you consider the entire range [of punishment]” was “I don’t think so”; his response to a similar question from defense counsel was, “Yes. . . . I guess I could.”

To obtain a reversal because of an error in the trial court’s granting of a State’s challenge for cause, an appellant must show that the error actually deprived him of a fair and impartial jury.  
Ladd v. State,
 3 S.W.3d 547, 562 (Tex. Crim. App. 1999), 
cert. denied,
 529 U.S. 1070 (2000).  Appellant makes no such showing here; therefore, without reaching the question of whether the trial court erred, we overrule point three.  
See id.

Excluded Evidence

During the guilt-innocence phase of trial, appellant called Sarah Stanton as a witness.  Stanton testified that she had lived with appellant from 1998 through August 2000 and then from January 2001 through the date of trial.  During Stanton’s testimony, appellant attempted to admit into evidence a card showing that he and Stanton had car insurance together and a lease showing that they had leased a residence together in August 2001.  The trial court sustained the State’s hearsay objections to both documents and the State’s relevance objection to the lease.  In his fourth point, appellant contends the trial court improperly excluded this evidence.  

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  
Tex. R. Evid.
 801(d).  Appellant argues that the proffered documents were not hearsay because he did not offer them to prove the matters asserted therein, but to show that he and Stanton were living together at a residence other than 903 Lindsey Street.  This argument is waived because appellant did not raise it in the trial court.  
Tex. R. App. P.
 33.1(a); 
Tex. R. Evid.
 103(a).

Appellant also contends that the documents were not hearsay because Stanton could identify them by her signature or other means of recognition.  This argument is waived as to the lease because appellant did not raise it below.  In addition, appellant does not explain how Stanton’s recognition of the insurance card would have caused it to be other than what it was:  an out-of-court statement by an insurance company that Stanton and appellant had car insurance.  
See
 
Tex. R. Evid.
 801(d).  We hold that the trial court did not abuse its discretion by excluding the insurance card.  
See Torres v. State,
 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).  We overrule point four.

Impeachment Testimony

During guilt-innocence, the State asked Stanton whether she had a bias against the Denton County District Attorney’s Office because she was unhappy with the way that office was handling a case in which she was the victim.  
See
 
Tex. R. Evid.
 613(b).  When Stanton denied that she had such a bias, the trial court allowed the State to elicit from Stanton testimony that she was the victim of an assault on May 31, 2000; she reported to a police officer and signed an affidavit stating that someone had struck her in the mouth, causing her injuries; and that she asked the district attorney’s office to drop the case because she had caused her own injuries.  Appellant timely objected to this testimony on the basis that it was irrelevant, immaterial, and did not establish bias or prejudice against the district attorney’s office.  

The State has not explained, either in the trial court or on appeal, how this testimony is relevant to show Stanton’s bias or prejudice against the district attorney’s office.  Even if the trial court improperly admitted Stanton’s testimony, however, we conclude that, 
in the context of the entire case against appellant, the error did not have a substantial or injurious affect on the jury’s verdict and did not affect appellant’s substantial rights.  
See King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing 
Kotteakos v. United States,
 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)).  Thus, we disregard the error, if any.  
See 
Tex. R. App. P. 44.2(
b).  We overrule appellant’s fifth point.

Oral Motion to Suppress

During the punishment phase of trial, the trial court denied appellant’s oral motion to suppress and admitted evidence obtained from the warrantless search of a vehicle in which appellant was a passenger and from the search of a storage facility that was leased to appellant.  In his sixth point, appellant asserts that the trial court improperly denied his motion to suppress because:  (1) the affidavit supporting the search warrant for the storage shed did not establish probable cause; (2) the information in the affidavit supplied by an anonymous tipster was not sufficiently corroborated; (3) the use of a dog for a drug sniff was an illegal seizure; (4) the traffic stop of the vehicle was invalid because it was not based on reasonable suspicion; and (5) the inventory search of the vehicle was improper because it was conducted prior to any arrest.

Based on our careful review of the affidavit, we hold that the trial court did not err by concluding that the affidavit was sufficient to support the issuance of a search warrant.  
See Gates,
 462 U.S. at 230-33, 103 S. Ct. at 2328-29; 
Ramos,
 934 S.W.2d at 362-63.  The anonymous informant’s tip was corroborated with independent police investigation sufficient to establish the tip’s veracity and reliability, and the affidavit as a whole establishes a fair probability that evidence of methamphetamine manufacturing would be found in the storage facility.  
See Gates,
 462 U.S. at 237-38, 103 S. Ct. at 2332.

Regarding appellant’s other challenges to the trial court’s ruling, an exterior or open air dog sniff is not a search within the meaning of the Fourth Amendment, and appellant does not cite any authority for his assertion that the sniff was a seizure.  
See United States v. Place,
 462 U.S. 696, 707, 103 S. Ct. 2637, 2644-45 (1983); 
Mohmed v. State,
 977 S.W.2d 624, 628 (Tex. App.—Fort Worth 1998, no pet.).  In addition, the vehicle’s malfunctioning tail lights and unnecessary movements onto the shoulder of the road were traffic offenses, for which there was reasonable suspicion sufficient to initiate a traffic stop.  
Tex. Transp. Code Ann.
 §§ 545.058(a), 547.322(a) (Vernon 1999); 
McVickers v. State,
 874 S.W.2d 662, 664 (Tex. Crim. App. 1993); 
Rubeck v. State,
 61 S.W.3d 741, 745 (Tex. App.—Fort Worth 2001, no pet.) (op. on reh’g).  Finally, appellant lacks standing to complain about the officers’ search of the vehicle in which he was a passenger because he conceded below that he did not have an ownership or possessory interest in the vehicle or its contents.  
See Meeks v. State,
 692 S.W.2d 504, 510 (Tex. Crim. App. 1985); 
Metoyer v. State,
 860 S.W.2d 673, 677 (Tex. App.—Fort Worth 1993, pet. ref’d).  Accordingly, we hold that the trial court did not err in denying appellant’s motion to suppress.  
See Corbin v. State,
 85 S.W.3d 272, 276 (Tex. Crim. App. 2002); 
Duncan,
 72 S.W.3d at 806-07.  We overrule appellant’s sixth point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered February 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Health & Safety Code Ann. 
§ 481.002(22) (Vernon Supp. 2003).