Opinion filed May 30, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00148-CR

_____

## ANDRON DESHAWN PETTEWAY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 9746-D**

### M E M O R A N D U M   O P I N I O N

Pursuant to a plea bargain agreement, Andron Deshawn Petteway pleaded guilty to the offense of possession of cocaine in a drug-free zone. The trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of seven years. In a single issue, Appellant challenges the trial court's denial of his pretrial motion to suppress evidence. We affirm.

*Background Facts*

Appellant executed a stipulation of evidence admitting to possession of between four and two hundred grams of cocaine within one thousand feet of a school on or about October 5, 2010. Officer Ismael Jaimes of the Abilene Police Department executed a search warrant on Appellant's residence on that date. Officer Jaimes relied on information provided by a confidential informant in order to obtain the warrant. His probable cause affidavit provided in relevant part as follows:

> [P]rior to making this application for this search warrant your affiant has received information from a confidential informant whose identity must remain a secret for security reasons. Your affiant knows this same confidential informant to be credible, reliable, and trustworthy and this belief is based on the following set out facts:
>
> > That this same confidential informant has provided information to your affiant in the past in reference to criminal activities in the Abilene area that has always proven to be true and correct.
> >
> > That this same confidential informant has never been convicted of a Felony offense in the State of Texas or any other state to the best of your affiant's knowledge.
> >
> > That this same confidential informant has voluntarily admitted the informant's own prior abuse of drugs to your affiant, however this informant no longer condones the abuse of drugs.
> >
> > That within the past 48 hours this same confidential informant has been inside the above described suspected place and observed the suspected party, Andron Deshawn Petteway black male date of birth 2-27-82 in possession of a quantity of an off-white powder substance which the Suspected party purported to be Cocaine.

2

That this same confidential informant believes the
same off-white powder substance to be Cocaine.

*Analysis*

The Fourth Amendment to the United States Constitution mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. A magistrate judge cannot issue a search warrant without first finding probable cause that a particular item will be found in a particular location. *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007). An application for a search warrant must be supported by an affidavit setting forth facts establishing probable cause. TEX. CODE CRIM. PROC. ANN. art. 1.06 (West 2005), art. 18.01(b) (West Supp. 2012). Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location. *State v. McLain*, 337 S.W.3d 268, 272 (Tex. Crim. App. 2011). The test for finding probable cause is "whether a reasonable reading by the magistrate would lead to the conclusion that the affidavit provided a 'substantial basis for the issuance of the warrant[,]' thus, '[t]he magistrate's sole concern should be probability.'" *Rodriguez*, 232 S.W.3d at 60 (alterations in original, footnote omitted). This is a "'flexible and nondemanding' standard." *Id.*

We review a trial court's ruling on a motion to suppress by using a bifurcated standard of review, giving almost total deference to the historical facts found by the trial court and reviewing de novo the trial court's application of the law. *McLain*, 337 S.W.3d at 271; *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). However, when the trial court determines whether there is probable cause to support the issuance of a search warrant, there are no credibility determinations; rather, the trial court is constrained to the four corners of the

probable cause affidavit. *McLain*, 337 S.W.3d at 271; *Hankins v. State*, 132 S.W.3d 380, 388 (Tex. Crim. App. 2004). Accordingly, when we review the magistrate's decision to issue a warrant, we apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search. *McLain*, 337 S.W.3d at 271; *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). As long as the magistrate had a substantial basis for concluding that probable cause existed, we will uphold the magistrate's probable cause determination. *Gates*, 462 U.S. at 236; *McLain*, 337 S.W.3d at 271. We are instructed not to analyze the affidavit in a hyper-technical manner. *Gates*, 462 U.S. at 236; *McLain*, 337 S.W.3d at 271. "[W]hen an appellate court reviews an issuing magistrate's determination, that court should interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences. When in doubt, we defer to all reasonable inferences that the magistrate could have made." *McLain*, 337 S.W.3d at 271; *Rodriguez*, 232 S.W.3d at 61.

We note at the outset Appellant's contention that the informant was a "first time informant."[1] Appellant supports this contention with testimony offered by Officer Jaimes at the hearing on the motion to suppress.[2] Appellant's reliance on this testimony is misplaced, however, because our review of the sufficiency of the probable cause affidavit is limited to the four corners of the affidavit. *See McLain*, 337 S.W.3d at 271. The probable cause affidavit does not support Appellant's

---

[1] The distinction between a first-time informant versus a repeat informant is significant in light of the corroboration requirements for a first-time informant recognized in *State v. Duarte*, 389 S.W.3d 349 (Tex. Crim. App. 2012).

[2] Specifically, Officer Jaimes testified that the informant had given him information on three or four previous occasions that he had been able to verify but that he had not relied on information provided to him by the informant to obtain an arrest or search warrant prior to this case.

contention that the informant was a first-time informant because it expressly provides that the informant "has provided information to your affiant in the past in reference to criminal activities in the Abilene area that has always proven to be true and correct." Accordingly, the affidavit establishes that the informant was not "an informant of unknown and untested reliability." *Duarte*, 389 S.W.3d at 351 n.2.

Appellant contends that the probable cause affidavit at issue in this appeal was insufficient because it was conclusory with regard to its reference to information that the informant had provided in the past and the informant's ability to identify cocaine. We disagree. When an unnamed informant is relied upon in an affidavit for a search warrant, his credibility may be established by allegations that the informant has proven reliable on previous occasions. *Avery v. State*, 545 S.W.2d 803, 804 (Tex. Crim. App. 1977). This reliability may be established by the general assertions of the affiant, as stated in the affidavit, concerning the informant's prior reliability. *Capistran v. State*, 759 S.W.2d 121, 128 (Tex. Crim. App. 1982); *Blake v. State*, 125 S.W.3d 717, 726 (Tex. App.—Houston [1st Dist.] 2003, no pet.). In such circumstance, no corroborating information is necessary. *Capistran*, 759 S.W.2d at 128. An affidavit in support of a warrant to search for narcotics need not provide more specific details regarding the informant's reliability than to state the informant had given information in the past regarding narcotics trafficking that had proved to be correct. *Torres v. State*, 552 S.W.2d 821, 824 (Tex. Crim. App. 1977); *see also Hammond v. State*, 898 S.W.2d 6, 7–8 (Tex. App.—Dallas 1995, no pet.). Further, because such a statement, when interpreted in a realistic and common-sense manner, indicates the informant's familiarity with controlled substances, no further details are required to spell out the informant's qualifications in recognizing drugs. *Torres*, 552 S.W.2d at 824.

Based solely on the probable cause affidavit's four corners, we find that the magistrate had a substantial basis for concluding probable cause existed to search the location identified in the affidavit and warrant. The affidavit established a sufficient nexus between criminal activity, the things to be seized, and the place to be searched. The affidavit was sufficient to provide the magistrate with facts on which to base a determination of the informant's credibility and reliability because it provided that the informant had supplied information in the past relating to criminal activities and that such information had proved to be true and correct. The affidavit also established that the informant was familiar with controlled substances based upon his or her prior use. The affidavit additionally provided that Appellant identified the targeted substance as cocaine to the informant. Furthermore, the affidavit established that the informant had observed Appellant's possession of the targeted substance at the targeted location within forty-eight hours prior to the warrant's issuance. Appellant's sole issue is overruled.

## *This Court's Ruling*

We affirm the judgment of the trial court.

TERRY McCALL

JUSTICE

May 30, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.