

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00776-CR

Bernardo **IBARRA-LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR2497
Honorable Mary D. Roman, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Jason Pulliam, Justice

Delivered and Filed:  September 9, 2015

AFFIRMED

Bernardo Ibarra-Lopez was convicted of two counts of aggravated sexual assault of a child and four counts of indecency with a child by contact.  On appeal, Ibarra-Lopez argues the trial court erred in overruling his objection to the State's jury argument.  We affirm the trial court's judgment.

### BACKGROUND

Ibarra-Lopez was charged with two counts of aggravated sexual assault of a child and four counts of indecency with a child by contact.  Specifically, the State alleged Ibarra-Lopez sexually

molested his step-daughter, D.M., when she was approximately eight or nine years old until she was approximately eighteen years old. During trial, D.M. testified that when she told her older sister Ibarra-Lopez was molesting her, her sister contacted the police. Thereafter, Child Protective Services ("CPS") started an investigation. D.M. testified that during the course of the CPS investigation, she stayed at her sister's house for "quite a while." However, she eventually went back home after telling CPS she felt safe to return even though Ibarra-Lopez was at the house. D.M. then testified Ibarra-Lopez continued to sexually abuse her until she was eighteen years old "whenever they [the police] came and picked him up again."

Ibarra-Lopez testified D.M.'s sexual abuse allegations were false. When asked about the CPS investigation, Ibarra-Lopez testified he stayed with his sister. According to Ibarra-Lopez, after approximately seven months, a CPS caseworker told him he could return home "because nothing had happened." During cross examination, Ibarra-Lopez also testified that CPS "just said everything was fine." Neither the State nor Ibarra-Lopez called anyone on behalf of CPS to testify regarding the investigation.

During closing argument, the State pointed out that Ibarra-Lopez did not call anyone from CPS to testify because no one from CPS could verify his statement that "nothing had happened." Ibarra-Lopez objected to the State's comment; however, the trial court overruled the objection. The jury found Ibarra-Lopez guilty of the charged offense, and the jury assessed punishment at forty years' confinement for the aggravated sexual assault offenses and eleven years' confinement for the indecency with a child by contact offenses. The trial court ordered the sentences to run concurrently. Ibarra-Lopez then perfected this appeal.

**ANALYSIS**

In his sole issue on appeal, Ibarra-Lopez asserts the trial court erroneously overruled his objection to the State's jury argument. According to Ibarra-Lopez, the State made an improper jury argument because the State shifted the burden of proof to him.

*Standard of Review*

"The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial in order to arrive at a just and reasonable conclusion based solely on the evidence." *Zambrano v. State*, 431 S.W.3d 162, 171 (Tex. App.—San Antonio 2014, no pet.) (quoting *Harris v. State*, 122 S.W.3d 871, 883 (Tex. App.—Fort Worth 2003, pet. ref'd)). Proper jury argument falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008); *Zambrano*, 431 S.W.3d at 171. When determining whether jury argument is improper, we assess the argument as a whole and the comment in the context in which it appears. *See Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988). We also grant counsel wide latitude in drawing inferences from the evidence. *Gaddis*, 753 S.W.2d at 398. When jury argument falls outside the approved areas, "it will not constitute reversible error unless the argument is extreme or manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding." *Temple v. State*, 342 S.W.3d 572, 602–03 (Tex. App.—Houston [14th Dist.] 2010), *aff'd,* 390 S.W.3d 341 (Tex. Crim. App. 2013); *see also* TEX. R. APP. P. 44.2(b); *Brown*, 270 S.W.3d at 570; *Gaddis*, 753 S.W.2d at 398; *Zambrano*, 431 S.W.3d at 171.

*Application*

Here, Ibarra-Lopez specifically complains of the following two comments made by the prosecutor during his closing argument:

> If CPS had ruled out the abuse and that's why he was allowed in the house, or if there was something that would absolutely absolve his client, you better believe they would have had that CPS worker up there. That CPS worker wasn't up there because what he was trying to make you think is it didn't happen. It isn't true. If there was any witness that could have come up and called [D.M.] a liar, talk about how she has a reputation –
>
> …
>
> My favorite, "CPS let him back in the home. Oh, CPS would never drop the ball." I'm sorry, has no one else watched the news in the past 10 to 20 years? I'm sorry to talk about another state agency, but CPS drops the ball all the time. Kids die under their care because they dropped the ball. CPS letting a perpetrator back in why? Because [D.M.'s] mom pressured her into saying everything was okay.

According to Ibarra-Lopez, the comments improperly shifted the burden of proof to him by suggesting to the jury he was required to call a CPS caseworker to corroborate his testimony. Ibarra-Lopez points out the burden was on the State to call a CPS caseworker to rebut his testimony. We disagree with Ibarra-Lopez's characterization of the State's comments.

"The State may comment on the failure of a defendant to call competent and material witnesses and may also argue that the reason for such failure is that any such testimony would be unfavorable to his defense" *Torres v. State*, 552 S.W.2d 821, 826 (Tex. Crim. App. 1977) so long as the comment does not place fault on the defendant for exercising his right not to testify. *Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000); *see also Hinojosa v. State*, 433 S.W.3d 742, 762 (Tex. App.—San Antonio 2014, pet. ref'd) ("A prosecutor may properly comment on a defendant's failure to introduce evidence, as long as the remarks do not fault the defendant for failing to testify."). A failure to produce available evidence permits an inference that such evidence would be unfavorable to the defendant. *Albiar v. State*, 739 S.W.2d 360, 362-63 (Tex. Crim. App. 1987) (en banc); *Torres*, 552 S.W.2d at 826.

Here, when reviewing the argument as a whole and the comment in the context in which it was made, we conclude the State was pointing out that the reason Ibarra-Lopez did not call a CPS caseworker to testify was because it would have been unfavorable to him. *See Cruz*, 225 S.W.3d at 548; *Gaddis*, 753 S.W.2d at 398; *Albiar*, 739 S.W.2d at 363; *Torres*, 552 S.W.2d at 826. At the beginning of its closing argument, the State summarized the evidence presented during the trial, and just before making the complained-of comments, the State specifically stated the defense does not bear the burden of proof. *See Jackson*, 17 S.W.3d at 674 (highlighting prosecutor's comments were not improper when prosecutor reminded jury that defense was not required to present evidence). The State then proceeded to comment as to Ibarra-Lopez's failure to call a CPS caseworker. Here, the State was not impermissibly shifting the burden of proof to Ibarra-Lopez. Rather, the comment was made in response to Ibarra-Lopez's testimony that CPS allowed him to return to the house because there was no evidence he did anything to D.M. In other words, the State was pointing out that if Ibarra-Lopez's statement regarding CPS were true, he would have called a CPS caseworker as a witness. *See id.* (holding that prosecutor's response that defense would have called its expert to the stand if it had seriously disputed State's evidence was proper jury argument).

Accordingly, when viewing the argument as a whole and the comment in context, we conclude the State's comments fit within one of the four permissible areas of proper jury argument and did not impermissibly shift the burden of proof to Ibarra-Lopez. *See Cruz*, 225 S.W.3d at 548; *Jackson*, 17 S.W.3d at 674; *Gaddis*, 753 S.W.2d at 398. As a result, we hold the trial court did not err in overruling Ibarra-Lopez's objecting to the State's jury argument. Ibarra-Lopez's issue is overruled.

## CONCLUSION

Based on the foregoing, we overrule Ibarra- Lopez's sole issue on appeal and affirm the trial court's judgment.

Karen Angelini, Justice

Do Not Publish