Kenneth JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–01–00061–CR.

Court of Appeals of Texas, Tyler.

July 24, 2002.

Discretionary Review Refused Dec. 11, 2002.

William M. Curley, for appellant.

Mark W. Cargill, Cargill & Associates, Palestine, for appellee.

Panel consisted of GOHMERT, JR., C.J., WORTHEN, J., and GRIFFITH, J.

SAM GRIFFITH, Justice.

Kenneth Jackson ("Appellant") appeals his conviction for possession of a controlled substance with intent to deliver. A jury found him guilty as charged. The trial court assessed punishment at eight years of imprisonment and a $2,500.00 fine. Appellant raises one issue on appeal. We affirm.

## BACKGROUND

The police went to an apartment in Palestine, Texas, due to reports of drug trafficking in the apartment. When the police knocked on the door, Appellant opened the door holding a lit "blunt," which is a hollowed-out cigar filled with marijuana. Marijuana smoke wafted from the apartment. Based on the probable cause which the police then had as a result of the plain view of the marijuana, they entered the apartment, where they seized approximately forty cigars laced with marijuana and numerous packages of a substance they believed, and which subsequent tests determined to be, crack cocaine. Appellant and the other two occupants of the apartment were arrested for possession of the controlled substances, cocaine and marijuana.

Appellant's indictment alleged he did "intentionally and knowingly possess, with intent to deliver, a controlled substance, namely, Cocaine, in an amount of four grams or more but less than 200 grams." At trial, a Department of Public Safety Criminal Lab chemist testified the substance she identified as "cocaine present as a cocaine base" had a total weight of 48.51 grams, including adulterants and dilutants. She admitted that she did not conduct additional tests to determine the amount of pure cocaine included in the cocaine-based substance, and was unable to testify as to the amount of pure cocaine contained in the State's evidence.

Appellant's counsel argued that the indictment alleged that Appellant had possessed "pure" cocaine and moved for a directed verdict contending that the evidence was legally insufficient to prove the cocaine substance contained more than four grams but less than two hundred grams of "pure" cocaine. The court denied the motion.

The court's jury charge tracked the indictment, stating that Appellant "did then and there unlawfully, intentionally or knowingly possess with intent to deliver, a controlled substance, namely, cocaine, weighing four grams or more but less than two hundred grams." The jury charge also included a lesser included offense of possession of less than one gram of cocaine.

The jury charge substantially quoted section 481.002(5) of the Texas Health and Safety Code, stating, " 'Controlled substance' means a substance, including a drug, an adulterant, a dilutant, and an immediate precursor, listed in Schedules I through V or Penalty Groups 1, 1–A or 2 through 4. The term includes the aggregate weight of any mixture, solution or other substance containing a controlled substance."

Appellant's counsel objected to the charge, and specifically to including adulterants and dilutants in the weight of the substance. Appellant's counsel argued that the indictment did not include any reference to adulterants and dilutants, and, therefore, he argued, the indictment alleged that the substance Appellant was charged with possessing was "pure" cocaine. The trial court overruled Appellant's objection to the jury charge.

### LEGAL SUFFICIENCY OF THE EVIDENCE

Appellant raises one issue on appeal in which he contends the evidence is legally insufficient to support the element that the substance was more than four grams of cocaine, as alleged in the indictment and jury charge.

### Standard of Review

In reviewing a legal sufficiency question, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Whitaker v. State*, 977 S.W.2d 595, 598 (Tex. Crim.App.1998); *Mason v. State*, 905 S.W.2d 570, 574 (Tex.Crim.App.1995). The trier of fact, here, the jury, is the exclusive judge of the credibility of witnesses and of the weight to be given their testimony. *Barnes v. State*, 876 S.W.2d 316, 321 (Tex.Crim.App.1994); *Williams v. State*, 692 S.W.2d 671, 676 (Tex.Crim.App. 1984). The jury is entitled to draw reasonable inferences from the evidence. *Benavides v. State*, 763 S.W.2d 587, 588–89 (Tex.App.-Corpus Christi 1988, pet. ref'd). Likewise, reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App.1986). Sufficiency of the evidence is measured by the hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App.1997).

### Analysis

Under section 481.112 of the Health and Safety Code, a person commits the offense of possession with intent to deliver a controlled substance if the person "knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1." TEX. HEALTH &

SAFETY CODE ANN. § 481.112(a) (Vernon Supp.2002). If the amount of controlled substance is "by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams," the offense is a first degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon Supp.2002). Section 481.102 lists the substances that are in Penalty Group 1, and includes cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon Supp. 2002).

Appellant contends that the State, having alleged possession of between four and two hundred grams of "a controlled substance, namely, Cocaine," was required to prove that he possessed the alleged amount of "pure cocaine." Prior to 1997, Appellant's interpretation of the indictment that Appellant suggests would have been required by case law. *See Reeves v. State*, 806 S.W.2d 540, 544 (Tex.Crim.App. 1990). However, in 1997, the definition of "controlled substance" was amended by the Texas Legislature to add the phrase "an adulterant, and a dilutant ..." to the definition.[1] The new definition states that "'[c]ontrolled substance' means a substance, including a drug, an adulterant, a dilutant, and an immediate precursor...." TEX. HEALTH & SAFETY CODE ANN. § 481.002(5) (Vernon Supp.2002). The Seventy Fifth Legislature also added the following sentence: "The term includes the aggregate weight of any mixture, solution or other substance containing a controlled substance." Act of May 26, 1997, 75th Leg., R.S., ch. 745, § 1, 1997 Tex. Gen. Laws 2411; *see* TEX. HEALTH & SAFETY CODE ANN. § 481.002(5). Our disposition of Appellant's issue turns on the interpretation of this amended definition.

When called upon to interpret the legislative intent of a statute or code

---

1. Act of May 26, 1997, 75th Leg., R.S., ch. 745, § 1, 1997 Tex. Gen. Laws 2411.

provision, an appellate court is guided by two principles. First, we "focus our attention on the literal text of the statute in question and attempt to discern the fair, objective meaning of that text at the time of its enactment." [2] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991). That is to say, we "give effect to the plain meaning of the statute or provision unless doing so would lead to absurd consequences that were not possibly intended by the legislature." *Warren v. State*, 971 S.W.2d 656, 660 (Tex.App.-Dallas 1998, no pet.) (citing *Boykin*, 818 S.W.2d at 785). Second, we keep in mind that "[i]n enacting an amendment the Legislature is presumed to have changed the law, and a construction should be adopted that gives effect to the intended change, rather than one that renders the amendment useless." *Ex parte Trahan*, 591 S.W.2d 837, 842 (Tex.Crim.App.1980). In other words, we presume the legislature intends to change the law when it amends a statute. Where a statute is clear and unambiguous, a court is not to add or subtract from the statute; rather, the judiciary is to "faithfully follow the specific text that was adopted." *Boykin*, 818 S.W.2d at 785.

■ As noted, the legislature in 1997 specifically expanded the definition of a "controlled substance" to include the terms "adulterant" and "dilutant," and stated that, as regarding the aggregate weight, the term included the enumerated substance, as well as other substances containing the controlled substance. After applying the principles discussed above, we conclude that the clear, logical intent of the legislature was to permit prosecution for possession of a controlled substance based on the total weight, without regard for the proportion of enumerated substance or the amount of adulterants or dilutants.

The indictment alleges that Appellant possessed a controlled substance, cocaine. The definition of "controlled substance" specifically includes "the aggregate weight" of the mixture, and the language of the indictment is sufficient to charge that the controlled substance Appellant possessed included cocaine as well as adulterants and dilutants having an aggregate weight of 48.51 grams. The evidence before the jury was that the substance found in Appellant's apartment was crack cocaine. "Crack cocaine" [3] is a mixture or solution which includes cocaine and other substances, which are combined, heated and then cooled. The result is a mixture or solution which solidifies into a brittle substance. The evidence showed that the aggregate weight of the seized controlled substance was 48.51 grams, including the

---

2. The function of the judiciary to interpret statutes was expressed by the Texas Supreme Court as follows:

"Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the amendment of a statute, giving full effect to all of its terms. But they must find its intent in its language, and not elsewhere. They are not the law-making body. They are not responsible for omission in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not

forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain." *Simmons v. Arnim*, 110 Tex. 309, 324, 220 S.W. 66, 70 (1920). The role of the judiciary, as a separate, co-equal and independent branch of government, to interpret statutes is contained in Tex. Const. art. II, § 1. *See Mays v. Fifth Court of Appeals*, 755 S.W.2d 78, 80–81 (Tex.1988) (Spears, J., concurring).

3. Crack cocaine is a solution of cocaine hydrochloride, baking soda, and water. *Redman v. State*, 848 S.W.2d 710, 712 (Tex.App.-Tyler 1992, no pet.).

**50**

cocaine base and the adulterants and dilutants.

The trial court correctly charged the jury, in language that tracked the statute, to consider the total weight of the seized material, which includes the weight of the adulterants and dilutants, together with the cocaine. Based upon our interpretation of "controlled substance," no variance existed between the indictment and the jury charge. The testimony of the State's chemist was that the total amount of the substance, both the cocaine and the adulterants and dilutants, was 48.51 grams. The jury, based on the correct definition given them in the jury charge, and based on the evidence by the State's chemist, found Appellant guilty as charged.

█ Viewing the evidence in the light most favorable to the verdict, we find that there was legally sufficient evidence on which the jury, as the trier of fact, could have found the essential elements of the crime beyond a reasonable doubt. The testimony set forth above was legally sufficient to support the conviction of Appellant. The State's chemist testified that the total weight was 48.51 grams, and the amount was within the statutorily established guidelines of between four and two hundred grams, as alleged in the indictment. Therefore, Appellant's issue as it relates to legal sufficiency is overruled.

Having found no reversible error, we *affirm* the judgment of the trial court.