11th Court of Appeals
Eastland, Texas
Opinion
 
Robert Tyrone Lilly
            Appellant
Vs.                  No. 11-02-00355-CR – Appeal from Taylor County
State of Texas
            Appellee
 
            The jury convicted appellant of delivery of cocaine in an amount of more than 1 gram but less
than 4 grams.


 The trial court assessed his punishment at confinement for 12 years. In his first two
issues, appellant challenges the legal and factual sufficiency of the evidence to support his
conviction. In his third and fourth issues, appellant contends that the trial court erred in denying him
an in-camera hearing on his motion to reveal the identity of a confidential informant and in denying
his motion to suppress evidence. We affirm.
Background Facts
            A confidential informant told Deputy Sheriff William Bradley Birchum of Taylor County that
appellant was selling cocaine at his residence. The informant called appellant on Deputy Birchum’s
cell phone. Appellant later called Deputy Birchum’s cell phone number, trying to reach the person
who had called him. Deputy Birchum used the opportunity to advise appellant that the person who
had called appellant was not there but that he would like “to do [some] business” with appellant. 
Using the undercover name of “Billy Jones,” Deputy Birchum agreed to call appellant the next day. 
When Deputy Birchum made the call, which was tape-recorded, he and appellant agreed that he
would take $160 to appellant’s residence to purchase cocaine. 
            Appellant opened the door and invited Deputy Birchum inside. Deputy Birchum observed
Kenja Jerome Johnson in a separate room. Appellant went into the room where Johnson was
located. Appellant returned followed by Johnson. Appellant then handed the cocaine to Deputy
Birchum who paid $160 to appellant. Deputy Birchum secretly recorded the conversations. 
            The State’s expert testified that the substance handed to Deputy Birchum by appellant
weighed 1.43 grams and that it contained cocaine. The expert did not determine the actual amount
of pure cocaine contained in the substance. 
            Testifying for appellant, Johnson said that the cocaine belonged to him, but that appellant
handled the sale. Although Johnson did not see appellant hand the cocaine to Deputy Birchum, he
did see Deputy Birchum hand the cash to appellant. Johnson stated that he paid appellant $40 for
handling the transaction.
The Confidential Informant and Appellant’s Motion to Suppress
            In his third issue, appellant contends that the trial court erred in denying him an in-camera
hearing on his motion to require the State to reveal the identity of the confidential informant. In his
fourth issue, appellant argues that, because there was no evidence as to the reliability of the
confidential informant, all evidence obtained by Deputy Birchum should be suppressed.
            As support for a hearing on his motion to disclose the identity of the informant, appellant
cited the testimony of Deputy Birchum at the motion to suppress hearing. Deputy Birchum’s
testimony, however, was very limited on the role of the confidential informant. According to Deputy
Birchum, the informant’s advice that appellant was selling cocaine in his home was simply the
impetus for beginning an investigation of appellant’s activities. The informant did place a call to
appellant, using Deputy Birchum’s cell phone, but appellant did not answer. The sequence of events
culminating in the drug transaction began with appellant’s return call that Deputy Birchum answered. 
            To discover the informant’s identity, appellant had to first make a plausible showing of how
the informant’s testimony would have significantly aided him. Mere speculation about an
informant’s potential testimony is insufficient. Bodin v. State, 807 S.W.2d 313, 318
(Tex.Cr.App.1991). The trial court was required to hold a hearing only if it appeared from the
evidence that the informant may have been able to give testimony necessary to a fair determination
of a material issue on appellant’s guilt or innocence. TEX.R.EVID. 508(c)(2).
            The informant’s credibility and motives for providing information leading to the investigation
of appellant had no bearing on whether appellant was guilty or innocent of the delivery offense. The
informant was not present when Deputy Birchum received the call from appellant or when the two
agreed that they “could do business.” Further, the informant was not present when appellant
committed the offense. Appellant made no showing that the confidential informant had anything to
offer that was material or essential to a fair determination of appellant’s guilt or innocence. See
Daniels v. State, 25 S.W.3d 893, 897 (Tex.App. – Houston [14th Dist.] 2000, no pet’n). We
overrule appellant’s third issue.
            In his fourth issue, appellant contends that the trial court erred in denying his motion to
suppress because there was no evidence to show the confidential informant’s reliability. Appellant
relies on cases where the confidential informant provided information to justify an investigative
detention, a warrantless arrest and search, and a search warrant. Reliability of the confidential
informant is important where “seizures” of persons are involved as in investigative detentions and
arrests. See Terry v. Ohio, 392 U.S. 1, 19 (1968). Reliability is also important when the information
is used to justify a search warrant. Torres v. State, 552 S.W.2d 821, 824 (Tex.Cr.App.1977). Here
Deputy Birchum merely relied on the information to begin an investigation. No seizure or search
warrant was involved. Even an anonymous tip will usually justify the initiation of a police
investigation. Clemons v. State, 605 S.W.2d 567, 570 (Tex.Cr.App.1980); Mann v. State, 525
S.W.2d 174, 176 (Tex.Cr.App.1975). We overrule appellant’s fourth issue.
Legal and Factual Sufficiency of the Evidence
            In his first two issues, appellant challenges the legal and factual sufficiency of the evidence
to support his conviction. To determine if the evidence is legally sufficient, we must review all of
the evidence in the light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). To determine
if the evidence is factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting guilt is so weak as to render the conviction clearly wrong
and manifestly unjust or whether the evidence supporting guilt, although adequate when taken alone,
is so greatly outweighed by the overwhelming weight of contrary evidence as to render the
conviction clearly wrong and manifestly unjust. Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Cain v. State, 958
S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996). We review
the fact finder’s weighing of the evidence and cannot substitute our judgment for that of the fact
finder. Cain v. State, supra; Clewis v. State, supra. Due deference must be given to the jury’s
determination, particularly concerning the weight and credibility of the evidence. Johnson v. State,
23 S.W.3d 1 (Tex.Cr.App.2000); Jones v. State, 944 S.W.2d 642 (Tex.Cr.App.1996), cert. den’d,
522 U.S. 832 (1997). This court has the authority to disagree with the fact finder’s determination
“only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest
injustice.” Johnson v. State, supra at 9.
            The indictment charged that appellant:
[D]id then and there intentionally and knowingly deliver by actual transfer to BRAD
BIRCHUM, a controlled substance, to wit: COCAINE, in an amount by aggregate
weight, of one (1) gram or more but less than four (4) grams.

The State’s expert testified that the substance weighed 1.43 grams and that it contained cocaine. He
acknowledged that he had not tested for the exact amount of pure cocaine contained in the substance. 
The jury charge tracked the indictment; there was no reference to adulterants and dilutants.
            Appellant argues that, because the court’s charge did not provide the definition of a
controlled substance contained in TEX. HEALTH & SAFETY CODE ANN. § 481.002(5) (Vernon
2003), no rational finder of fact could have found delivery of more than one gram of cocaine beyond
a reasonable doubt based on the State’s evidence. Section 481.002(5) provides:
“Controlled substance” means a substance, including a drug, an adulterant,
and a dilutant, listed in Schedules I through V or Penalty Groups 1, 1-A, or 2 through
4. The term includes the aggregate weight of any mixture, solution, or other
substance containing a controlled substance.

            Appellant’s argument is similar to the argument made by the defendant in Jackson v. State,
94 S.W.3d 46 (Tex.App. – Tyler 2002, pet’n ref’d). The indictment in Jackson, like the one in this
case, did not include “adulterants and dilutants” in referring to the amount of the controlled
substance; however, the jury charge included adulterants and dilutants in calculating the total weight
of the controlled substance. The charge in this case failed to include the definition in Section
481.002(5). Despite this additional omission by the State, we believe that the reasoning in Jackson 
is sound and supports our affirming the trial court’s judgment.
            After the State rested in the Jackson trial, the defendant moved for a directed verdict on the
ground that the evidence was legally insufficient to prove that the cocaine substance contained more
than 4 grams but less than 200 grams of “pure” cocaine as alleged in the indictment. The trial court
denied the motion. The jury charge then tracked the indictment but quoted Section 481.002(5), and
the jury convicted the defendant. The Jackson court acknowledged that, prior to 1997, the
defendant’s interpretation of the indictment would have been required by case law; however, the
definition of “controlled substance” was amended by the Texas Legislature in 1997 to add the phrase
“an adulterant and a dilutant” to the definition and to add the last sentence in Section 481.002(5). 
The court in Jackson pointed out that the indictment alleged that the defendant possessed a
controlled substance, cocaine; that the definition of “controlled substance” specifically included “the
aggregate weight” of the mixture; that the language of the indictment was sufficient to charge that
the “controlled substance” the defendant possessed included cocaine as well as adulterants and
dilutants having an aggregate weight of 48.51 grams; and that, therefore, there was no variance
between the indictment and the jury charge which included the definition of “controlled substance.”
            A hypothetically correct jury charge in this case would have included the definition of
“controlled substance” found in Section 481.002(5), just as the Jackson jury charge did. Measured
against a hypothetically correct jury charge, the evidence was legally and factually sufficient to
convict appellant. Malik v. State, 953 S.W.2d 234 (Tex.Cr.App.1997). 
            Actually, there is no need to assume the hypothetically correct jury charge, especially in
analyzing legal sufficiency under Jackson v. Virginia, supra. Under Jackson, the inquiry is whether
a rational trier of fact could have found proof beyond a reasonable doubt that appellant was guilty
of the essential elements of the crime for which he was charged. The essential elements that the
State had to prove were that appellant (1) intentionally or knowingly (2) delivered (3) a controlled
substance, to-wit: cocaine (4) in an amount of more than one gram and less than four grams. TEX.
HEALTH & SAFETY CODE ANN. § 481.112(a) & (c) (Vernon 2003). “Adulterants” and
“dilutants” are not essential elements of the crime for which appellant was convicted. Bledsue v.
Johnson, 188 F.3d 250, 261 (5th Cir. 1999); Jackson v. State, supra. They are part of the definition
of a “controlled substance.” Jackson v. State, supra. 
            The evidence was legally and factually sufficient to support appellant’s conviction. We
overrule his first two issues.
This Court’s Ruling
            We affirm the judgment of the trial court.
 
                                                                                    TERRY McCALL
                                                                                    JUSTICE
 
November 13, 2003
Publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.