Robert Tyrone LILLY, Appellant,

v.

STATE of Texas, Appellee.

No. 11–02–00355–CR.

Court of Appeals of Texas, Eastland.

Nov. 13, 2003.

Rehearing Overruled Dec. 4, 2003.

Stan Brown, Abilene, for appellant.

James Eidson, District Attorney, Patricia Dyer, Assistant, Appellate Section, Criminal District Attorney's Office, Abilene, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

TERRY McCALL, Justice.

The jury convicted appellant of delivery of cocaine in an amount of more than 1 gram but less than 4 grams.[1] The trial court assessed his punishment at confinement for 12 years. In his first two issues, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. In his third and fourth issues, appellant contends that the trial court erred in denying him an in-camera hearing on his motion to reveal the identity of a confidential informant and in denying his motion to suppress evidence. We affirm.

### Background Facts

A confidential informant told Deputy Sheriff William Bradley Birchum of Taylor County that appellant was selling cocaine at his residence. The informant called appellant on Deputy Birchum's cell phone. Appellant later called Deputy Birchum's cell phone number, trying to reach the person who had called him. Deputy Birchum used the opportunity to advise appellant that the person who had called appellant was not there but that he would like "to do [some] business" with appellant. Using the undercover name of "Billy Jones," Deputy Birchum agreed to call appellant the next day. When Deputy Birchum made the call, which was tape-recorded, he and appellant agreed that he would take $160 to appellant's residence to purchase cocaine.

Appellant opened the door and invited Deputy Birchum inside. Deputy Birchum observed Kenja Jerome Johnson in a separate room. Appellant went into the room where Johnson was located. Appellant returned followed by Johnson. Appellant then handed the cocaine to Deputy Birchum who paid $160 to appellant. Deputy Birchum secretly recorded the conversations.

The State's expert testified that the substance handed to Deputy Birchum by appellant weighed 1.43 grams and that it contained cocaine. The expert did not determine the actual amount of pure cocaine contained in the substance.

Testifying for appellant, Johnson said that the cocaine belonged to him, but that appellant handled the sale. Although Johnson did not see appellant hand the cocaine to Deputy Birchum, he did see Deputy Birchum hand the cash to appellant. Johnson stated that he paid appellant $40 for handling the transaction.

### The Confidential Informant and Appellant's Motion to Suppress

In his third issue, appellant contends that the trial court erred in denying him an in-camera hearing on his motion to require the State to reveal the identity of the confidential informant. In his fourth issue, appellant argues that, because there was no evidence as to the reliability of the confidential informant, all evidence obtained by Deputy Birchum should be suppressed.

As support for a hearing on his motion to disclose the identity of the informant, appellant cited the testimony of Deputy Birchum at the motion to suppress hearing. Deputy Birchum's testimony, however, was very limited on the role of the confidential informant. According to Deputy Birchum, the informant's advice that appellant was selling cocaine in his home was simply the impetus for beginning an

---

1. The offense is a second degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) & (c) (Vernon 2003). Cocaine is a Penalty Group 1 substance. TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) (Vernon 2003).

investigation of appellant's activities. The informant did place a call to appellant, using Deputy Birchum's cell phone, but appellant did not answer. The sequence of events culminating in the drug transaction began with appellant's return call that Deputy Birchum answered.

■ To discover the informant's identity, appellant had to first make a plausible showing of how the informant's testimony would have significantly aided him. Mere speculation about an informant's potential testimony is insufficient. *Bodin v. State,* 807 S.W.2d 313, 318 (Tex.Cr.App.1991). The trial court was required to hold a hearing only if it appeared from the evidence that the informant may have been able to give testimony necessary to a fair determination of a material issue on appellant's guilt or innocence. TEX.R.EVID. 508(c)(2).

■ The informant's credibility and motives for providing information leading to the investigation of appellant had no bearing on whether appellant was guilty or innocent of the delivery offense. The informant was not present when Deputy Birchum received the call from appellant or when the two agreed that they "could do business." Further, the informant was not present when appellant committed the offense. Appellant made no showing that the confidential informant had anything to offer that was material or essential to a fair determination of appellant's guilt or innocence. *See Daniels v. State,* 25 S.W.3d 893, 897 (Tex.App.-Houston [14th Dist.] 2000, no pet'n). We overrule appellant's third issue.

■ In his fourth issue, appellant contends that the trial court erred in denying his motion to suppress because there was no evidence to show the confidential informant's reliability. Appellant relies on cases where the confidential informant provided information to justify an investigative detention, a warrantless arrest and search, and a search warrant. Reliability of the confidential informant is important where "seizures" of persons are involved as in investigative detentions and arrests. *See Terry v. Ohio,* 392 U.S. 1, 19, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reliability is also important when the information is used to justify a search warrant. *Torres v. State,* 552 S.W.2d 821, 824 (Tex.Cr.App. 1977). Here Deputy Birchum merely relied on the information to begin an investigation. No seizure or search warrant was involved. Even an anonymous tip will usually justify the initiation of a police investigation. *Clemons v. State,* 605 S.W.2d 567, 570 (Tex.Cr.App.1980); *Mann v. State,* 525 S.W.2d 174, 176 (Tex.Cr.App.1975). We overrule appellant's fourth issue.

### *Legal and Factual Sufficiency of the Evidence*

■ In his first two issues, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jackson v. State,* 17 S.W.3d 664 (Tex.Cr. App.2000). To determine if the evidence is factually sufficient, we must review all of the evidence in a neutral light and determine whether the evidence supporting guilt is so weak as to render the conviction clearly wrong and manifestly unjust or whether the evidence supporting guilt, although adequate when taken alone, is so greatly outweighed by the overwhelming weight of contrary evidence as to render the conviction clearly wrong and manifestly unjust. *Vasquez v. State,* 67 S.W.3d

229, 236 (Tex.Cr.App.2002); *Goodman v. State,* 66 S.W.3d 283 (Tex.Cr.App.2001); *Cain v. State,* 958 S.W.2d 404 (Tex.Cr.App. 1997); *Clewis v. State,* 922 S.W.2d 126 (Tex.Cr.App.1996). We review the fact finder's weighing of the evidence and cannot substitute our judgment for that of the fact finder. *Cain v. State, supra; Clewis v. State, supra.* Due deference must be given to the jury's determination, particularly concerning the weight and credibility of the evidence. *Johnson v. State,* 23 S.W.3d 1 (Tex.Cr.App.2000); *Jones v. State,* 944 S.W.2d 642 (Tex.Cr.App.1996), *cert. den'd,* 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). This court has the authority to disagree with the fact finder's determination "only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Johnson v. State, supra* at 9.

 The indictment charged that appellant:

> [D]id then and there intentionally and knowingly deliver by actual transfer to BRAD BIRCHUM, a controlled substance, to wit: COCAINE, in an amount by aggregate weight, of one (1) gram or more but less than four (4) grams.

The State's expert testified that the substance weighed 1.43 grams and that it contained cocaine. He acknowledged that he had not tested for the exact amount of pure cocaine contained in the substance. The jury charge tracked the indictment; there was no reference to adulterants and dilutants.

Appellant argues that, because the court's charge did not provide the definition of a controlled substance contained in TEX. HEALTH & SAFETY CODE ANN. § 481.002(5) (Vernon 2003), no rational finder of fact could have found delivery of more than one gram of cocaine beyond a reasonable doubt based on the State's evidence. Section 481.002(5) provides:

> "Controlled substance" means a substance, including a drug, an adulterant, and a dilutant, listed in Schedules I through V or Penalty Groups 1, 1–A, or 2 through 4. The term includes the aggregate weight of any mixture, solution, or other substance containing a controlled substance.

Appellant's argument is similar to the argument made by the defendant in *Jackson v. State,* 94 S.W.3d 46 (Tex.App.-Tyler 2002, pet'n ref'd). The indictment in *Jackson,* like the one in this case, did not include "adulterants and dilutants" in referring to the amount of the controlled substance; however, the jury charge included adulterants and dilutants in calculating the total weight of the controlled substance. The charge in this case failed to include the definition in Section 481.002(5). Despite this additional omission by the State, we believe that the reasoning in *Jackson* is sound and supports our affirming the trial court's judgment.

After the State rested in the *Jackson* trial, the defendant moved for a directed verdict on the ground that the evidence was legally insufficient to prove that the cocaine substance contained more than 4 grams but less than 200 grams of "pure" cocaine as alleged in the indictment. The trial court denied the motion. The jury charge then tracked the indictment but quoted Section 481.002(5), and the jury convicted the defendant. The *Jackson* court acknowledged that, prior to 1997, the defendant's interpretation of the indictment would have been required by case law; however, the definition of "controlled substance" was amended by the Texas Legislature in 1997 to add the phrase "an adulterant and a dilutant" to the definition and to add the last sentence in Section 481.002(5). The court in *Jackson* pointed out that the indictment alleged that the

defendant possessed a controlled substance, cocaine; that the definition of "controlled substance" specifically included "the aggregate weight" of the mixture; that the language of the indictment was sufficient to charge that the "controlled substance" the defendant possessed included cocaine as well as adulterants and dilutants having an aggregate weight of 48.51 grams; and that, therefore, there was no variance between the indictment and the jury charge which included the definition of "controlled substance."

A hypothetically correct jury charge in this case would have included the definition of "controlled substance" found in Section 481.002(5), just as the *Jackson* jury charge did. Measured against a hypothetically correct jury charge, the evidence was legally and factually sufficient to convict appellant. *Malik v. State*, 953 S.W.2d 234 (Tex.Cr.App.1997).

Actually, there is no need to assume the hypothetically correct jury charge, especially in analyzing legal sufficiency under *Jackson v. Virginia, supra*. Under *Jackson*, the inquiry is whether a rational trier of fact could have found proof beyond a reasonable doubt that appellant was guilty of the essential elements of the crime for which he was charged. The essential elements that the State had to prove were that appellant (1) intentionally or knowingly (2) delivered (3) a controlled substance, to-wit: cocaine (4) in an amount of more than one gram and less than four grams. TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) & (c) (Vernon 2003). "Adulterants" and "dilutants" are not essential elements of the crime for which appellant was convicted. *Bledsue v. Johnson*, 188 F.3d 250, 261 (5th Cir.1999); *Jackson v. State, supra*. They are part of the definition of a "controlled substance." *Jackson v. State, supra*.

The evidence was legally and factually sufficient to support appellant's conviction. We overrule his first two issues.

*This Court's Ruling*

We affirm the judgment of the trial court.