NO. 12-02-00206-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


LINELL ARPS,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Linell Arps ("Appellant") pleaded guilty to sexual assault of a child, and the jury assessed
punishment at twelve years of imprisonment. In three issues, Appellant appeals his punishment. We
affirm.


Background

 Appellant pleaded guilty to sexual assault of a child, a second degree felony, and elected for
the jury to assess punishment. He also filed a request that the State provide any and all information
and/or evidence in its possession regarding other crimes, wrongs, or acts which it intended to offer
at the punishment phase. At the trial on punishment, Appellant called Reverend S. L. Curry, Jr.
("Curry") to testify. On direct examination, Curry testified that he was the pastor of the New Zion
Baptist Church in Winona, Texas, was familiar with Appellant and his family, and had baptized
Appellant. In fact, Curry testified that Appellant's family were members of his church, and that he
had known the family for most of Appellant's life. He described Appellant's family as a "[v]ery,
very faithful family," and close-knit. 

 On cross-examination, Curry admitted that Appellant was not an active member of his
church. Further, in questioning Curry, the State asserted that a brother of Appellant, Chadwick Arps
("Chadwick"), was convicted of aggravated sexual assault. Appellant objected that there was no
information that Chadwick had been so convicted. The court allowed the question, stating that
Appellant had established that the family were "peaceful, Christian, church-attending people." Curry
acknowledged that he was familiar with Chadwick, but was unaware that he had been convicted of
aggravated sexual assault. Further, Curry affirmed that Chadwick's case was unrelated to the present
case. Appellant again objected, stating that a question regarding the aggravated sexual assault charge
against Chadwick was irrelevant and that he never asked Curry if the family was peaceful. The court
stated that "the door" had been opened to ask the witness anything. Curry admitted that he was
familiar with criminal convictions of other family members, stating that he knew of more than one
conviction, but refused to admit that there were a number of convictions. Specifically, Curry stated
that he knew a brother of Appellant's, Eric Arps ("Eric"), was convicted of a crime, and that he knew
Eric. 

 Appellant had no objections to the court's charge nor did he request an instruction regarding
the burden of proof applicable to the evidence of Chadwick's and Eric's extraneous offenses. In
closing arguments, the State referred to Curry's testimony and to Appellant's brothers who had been
convicted of crimes. Appellant did not object to the argument. The jury assessed punishment at
imprisonment for twelve years.


Admissibility of Punishment Evidence

 In his first issue, Appellant contends that the trial court erred when it admitted extraneous
offenses of third persons during his trial on punishment. Appellant argues that the trial court's error
denied him a fair and impartial trial and was so clearly wrong as to lie outside the zone of reasonable
disagreement. Moreover, Appellant contends that the State failed to give notice of its intent to
introduce such evidence. The State argues that Appellant's complaint on appeal does not comport
with his objection at trial. Further, the State contends that the questions regarding extraneous
offenses of third persons were intended to diminish the credibility of a character witness.

Applicable Law

 An appellate court reviews the decision of a trial court to admit extraneous offenses under
an abuse of discretion standard. Ellison v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).
Admissibility of the evidence of other crimes, wrongs, or acts is governed by Texas Rule of
Evidence 404(b) which provides as follows:


 Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order
to show action in conformity therewith. It may, however, be admissible for other purposes, such as
proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or
accident, provided that upon timely request by the accused in a criminal case, reasonable notice is
given in advance of trial of intent to introduce in the State's case-in-chief such evidence other than that
arising in the same transaction.



Tex. R. Evid. 404(b). This rule applies not only to the defendant, but also to third persons. 
Castaldo v. State, 78 S.W.3d 345, 349-50 (Tex. Crim. App. 2002). The rule prohibits the use of
extraneous offenses for proving character and governs the admissibility of such acts for other
purposes. Id. at 349. The rule's examples of other purposes for which an extraneous offense might
be admissible is not exhaustive. Id. at 349-50.

Analysis

 During the jury trial to determine punishment, Curry was questioned regarding Appellant,
his family, and their reputation. On cross-examination, the State offered evidence that Appellant's
brother, Chadwick, had been convicted of a crime. Further, Curry acknowledged that Eric, another
brother, had also been convicted of a crime. The evidence was admitted on cross-examination by
the State in order to discredit the testimony of Appellant's character witness, Curry. The evidence
was not admitted to prove the character of the defendant, his brothers, or the witness, but to diminish
Curry's credibility as to his familiarity and knowledge of Appellant and his family. Because Texas
Rule of Evidence 404(b) allows evidence of Chadwick's and Eric's extraneous offenses for purposes
other than proof of character, the trial court did not abuse its discretion in admitting the extraneous
offenses. See id. at 349-50.

 Appellant also complains that the State failed to give notice of its intent to introduce evidence
of extraneous offenses of Appellant's brothers. The notice requirement of Rule 404(b) relates to
evidence to be introduced during the State's case-in-chief. Tex. R. Evid. 404(b); see Jaubert v.
State, 74 S.W.3d 1, 2-4 (Tex. Crim. App. 2002). The rule does not require the State to give notice
of extraneous offenses that will be introduced during cross-examination. See Jaubert, 74 S.W.3d 
at 2-4. Therefore, the State had no obligation to give notice of its intent to introduce evidence of
extraneous offenses of Appellant's brothers during cross-examination. Accordingly, Appellant's
first issue is overruled.


Court's Charge

 In his second issue, Appellant contends that the trial court erred in failing to give, sua sponte,
a reasonable doubt instruction regarding the extraneous offenses of Appellant's brothers proffered
by the State in its cross-examination of Curry. 

Applicable Law

 A court is statutorily mandated to deliver to the jury a written charge distinctly setting forth
the law applicable to the case. Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2004). 
Concerning the punishment phase of the trial, article 37.07 of the Texas Code of Criminal Procedure
states as follows:


 [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to
sentencing, . . . and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence
of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally responsible, regardless of
whether he has previously been charged with or finally convicted of the crime or act.



Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2004). The reasonable doubt
instruction at the punishment phase is a statutory requirement, not a constitutional one. See Huizar
v. State, 12 S.W.3d 479, 482 (Tex. Crim. App. 2000). Moreover, the requirement that the fact finder
be satisfied of a defendant's culpability in the extraneous offenses and bad acts is "law applicable
to the case" in the non-capital punishment context. Id. at 484. Therefore, an appellant is not
required to make an objection or request in order for the court to instruct the jury. Id. Furthermore,
the reasonable doubt instruction is subject to sua sponte submission, and a trial court's failure to
include this instruction in the jury charge is error. See id. at 483-84. 

 An appellate court interprets a statute, whenever possible, according to its literal text in an
"attempt to discern the fair, objective meaning of that text at the time of its enactment." Wolfe v.
State, 120 S.W.3d 368, 370 (Tex. Crim. App. 2003); Boykin v. State, 818 S.W.2d 782, 785 (Tex.
Crim. App. 1991). Unless the statute is ambiguous or unless its literal translation will result in
absurd consequences, we give effect to the plain meaning of the statute or provision. Wolfe, 120
S.W.3d at 370 (quoting Boykin, 818 S.W.2d at 785); Jackson v. State, 94 S.W.3d 46, 49 (Tex.
App.-Tyler 2002, pet. ref'd). Moreover, "[w]here the statute is clear and unambiguous, the
[l]egislature must be understood to mean what it has expressed" and it is not the appellate court's
function to add or subtract from the statute. Boykin, 818 S.W.2d at 785 (quoting Coit v. State, 808
S.W.2d 473, 475 (Tex. Crim. App. 1991)). 

Analysis

 The trial court's jury charge on punishment did not include a reasonable doubt instruction
regarding evidence of the extraneous offenses of Appellant's brothers. Although a trial court's
failure to include this instruction in the jury charge is error, the statutory requirement is not
applicable in this case. A plain reading of the text of article 37.07, section 3(a)(1), shows that the
reasonable doubt instruction is a requirement for evidence of extraneous offenses or bad acts
committed by the defendant or attributable to him. See Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a)(1). However, there is nothing in the statute requiring the trial court to sua sponte include the
instruction in the jury charge for extraneous offenses allegedly committed by third parties, and not
committed by or attributed to the defendant. See Huizar, 12 S.W.3d at 483-84. In this case, the
State never associated the extraneous offenses of Appellant's brothers, Chadwick and Eric, with
Appellant. Further, the State, through its questioning of Curry, clearly articulated that the extraneous
offenses were committed by Appellant's brothers, not Appellant. In fact, Curry agreed that the
extraneous offenses allegedly committed by Chadwick were unrelated to the present case. Because
the reasonable doubt instruction is statutorily required and subject to sua sponte submission only if
the extraneous offenses are attributable to Appellant, the trial court did not err in failing to include
this instruction in the jury charge. Accordingly, Appellant's second issue is overruled.


Improper Jury Argument

 In his third issue, Appellant contends that the State's jury arguments during the punishment
jury trial were improper, violated a mandatory statute, and injected new facts into the trial which
were harmful to Appellant. The State argues that Appellant waived this issue because he failed to
object at trial. Further, the State contends that Appellant has not made the same complaint on appeal
that he made before the trial court and, thus, has preserved nothing for review. 

 In order to present an issue for appellate review, the record must show that a complaint was
made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1). The
request, objection, or motion must state the grounds for the ruling that the complaining party sought
from the trial court with sufficient specificity to make the trial court aware of the complaint. Tex.
R. App. P. 33.1(a)(1)(A). The trial court must have ruled on the request, objection, or motion, either
expressly or implicitly. Tex. R. App. P. 33.1(a)(2)(A). If the trial court refused to rule, the
complaining party must have objected to the refusal. Tex. R. App. P. 33.1(a)(2)(B).

 In its jury argument, the State referred to Curry's testimony regarding his knowledge of
Appellant and his family, including the criminal convictions of two of Appellant's brothers.
However, the record does not reveal that Appellant timely objected to the State's argument. See
Tex. R. App. P. 33.1. Therefore, he presents nothing for our review. Accordingly, Appellant's third
issue is overruled.


Conclusion

 Based upon our review of the record, we find that the trial court did not abuse its discretion
in admitting the extraneous offenses of Appellant's brothers during the jury trial on punishment.
Further, the trial court did not err in failing to include a reasonable doubt instruction in the jury
charge. Appellant's third issue presents nothing for our review.

 Accordingly, the judgment of the trial court is affirmed.


 SAM GRIFFITH 

 Justice


Opinion delivered January 8, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.



(DO NOT PUBLISH)