

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00230-CR

**ANTHONY WASHINGTON,**

Appellant

 **v.**

**THE STATE OF TEXAS,**

Appellee

**From the 40th District Court
Ellis County, Texas
Trial Court No. 327228CR**

## MEMORANDUM OPINION

A jury convicted Anthony Washington of the offense of delivery of a controlled substance (cocaine, less than one gram) and assessed a fifteen-year prison sentence. Raising two issues, Washington appeals. We will affirm.

The evidence shows that a confidential informant acting with the Ellis County Sheriff's Office arranged to make a controlled drug buy of crack cocaine from a well-known crack dealer in Waxahachie, but the dealer was not where he was thought to be. Instead, Washington approached the confidential informant and offered to sell him $15

worth of crack. The confidential informant purchased $10 worth of crack cocaine from Washington and turned it over to Bryan McGee, a Sheriff's narcotics investigator who was monitoring the drug buy.

At trial Washington objected to the admission of the crack, its package, and the DPS chemist report on the crack on the ground that a proper foundation had not been laid (chain of custody) for the crack and its package, and as a result, the report was also inadmissible. The trial court overruled the objection. Washington's first issue contends that the trial court's ruling was erroneous.

We review a trial court's evidentiary rulings for abuse of discretion. *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "A trial court abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Moreno v. State*, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993).

Proof of the beginning and end of a chain of custody will support admission of the evidence barring any showing of tampering or alteration. *See Caddell v. State*, 123 S.W.3d 722, 727-28 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd); *Hall v. State*, 13 S.W.3d 115, 120 (Tex. App.—Fort Worth 2000), *pet. dism'd, improvidently granted*, 46 S.W.3d 264 (Tex. Crim. App. 2001); *see also Stoker v. State*, 788 S.W.2d 1, 10 (Tex. Crim. App. 1989), *abrogated on other grounds by Leday v. State*, 983 S.W.2d 713 (Tex. Crim. App. 1998); *Gallegos v. State*, 776 S.W.2d 312, 315-16 (Tex. App.—Houston [14th Dist.] 1989, no pet.). Complaints regarding theoretical breaches in the chain, absent affirmative evidence of tampering, go to the weight to be given to the evidence rather than its admissibility. *Caddell*, 123 S.W.3d at 727.

McGee testified that he placed the drugs and envelope in a bag, sealed it, and marked it with his initials and the date. The baggie was sent to the DPS lab in Garland. He identified it at trial and said that the bag was in the same condition, except that it had obviously been opened for testing. Genevieve Medina, a DPS chemist, identified her initials on the bag and said that it was sealed when she received it. She opened it so as to not destroy the markings. If it had been opened when she received it, she would have noted that fact and not tested the drugs. She assigned a unique lab number to the envelope and drugs. The drugs had not been tampered with or altered when received. Medina analyzed the drugs, concluded it was cocaine, and wrote a report. After analysis, the drugs were placed in a holding vault.

There is no evidence that the drugs were tampered with or altered, and both witnesses identified the exhibits. The trial court did not abuse its discretion in admitting the evidence. Washington's first issue is overruled.

Washington's second issue is that there is insufficient evidence that the substance was cocaine. When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). In a factual sufficiency review, we ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the factfinder's verdict clearly wrong and manifestly

unjust. *Watson v.* State, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

In support of his issue, Washington points to Medina's testimony that she did not test the purity of the substance, that it was one-tenth of one gram, and that it was at least one percent cocaine and she did not know what else was in the substance. He cites several cases involving the sufficiency of the evidence to prove the amount of drugs as alleged in the indictment. *See, e.g., Thompson v. State,* 885 S.W.2d 136, 138 (Tex. Crim. App. 1994). Washington's reliance on these cases is misplaced because in 1997, the Legislature expanded the definition of "controlled substance" to include adulterants and dilutants. *See* Act of May 23, 1997, 75th Leg., R.S., ch. 745, § 1, 1997 Tex. Gen. Laws 2411 (current version at TEX. HEALTH & SAFETY CODE § 481.002(5) (Vernon 2010)).

Accordingly, the State was not required to prove the purity of the substance. *See, e.g., Jackson v. State,* 94 S.W.3d 46, 49-50 (Tex. App.—Tyler 2002, pet. ref'd). And because the chemist testified that the substance contained some cocaine and Washington was charged with delivering less than one gram, the evidence is legally and factually sufficient to support the conviction. *See id.* We overrule issue two.

Having overruled Washington's two issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed

Opinion delivered and filed July 21, 2010
Do not publish
[CR25]