

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00136-CR

**MELVIN GAMBLE, JR.,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 12th District Court
### Walker County, Texas
### Trial Court No. 25,986

## MEMORANDUM OPINION

Appellant Melvin Gamble, Jr. was charged by indictment with possession of a controlled substance (four or more grams, but less than 200 grams, of cocaine) with intent to deliver. The indictment also included two enhancement paragraphs alleging two prior felony convictions. A jury found Gamble guilty, and the trial court assessed a twenty-five year prison sentence. In his sole issue, Gamble asserts that the evidence is legally insufficient to support the conviction.

The Court of Criminal Appeals has expressed our standard of review of a

sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

Gamble's sufficiency argument is that the evidence was insufficient to prove that the quantity of the cocaine was more than four but less than 200 grams and that there was a material variance between the indictment and the court's charge because the charge in the indictment was enlarged in the court's charge with the statutory language of "adulterants or dilutants."

We measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge for the case. *Cada v. State,* 334 S.W.3d 766, 773 (Tex. Crim. App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.; Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); *Malik*, 953 S.W.2d at 240. The law as authorized by the

indictment means the statutory elements of the charged offense as modified by the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

The indictment alleged that Gamble did "knowingly possess with intent to deliver, a controlled substance, namely, Cocaine, in an amount of four grams or more but less than 200 grams."[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a, d) (West 2010). The evidence shows that the two bags of powdery substance that police found in Gamble's residence were tested and found to contain cocaine and weighed 67.49 grams and 63.08 grams, respectively. The lab analyst testified that she performed a qualitative analysis of the substances, not a quantitative analysis; she was not testifying that the bags contained pure cocaine, and she could not say what percentage of the substance was cocaine.

Gamble thus argues that a rational jury could not have found the presence of pure cocaine in an amount of greater than four grams but less than 200 grams without an expansion of the indictment to include adulterants or dilutants in the court's charge. *Cf. Erskine*, 191 S.W.3d at 379 (appellant contending that State "had to prove that he possessed 'only cocaine' in that amount").

The court's charge instructed the jury that "cocaine is a controlled substance" and that a "person commits an offense if the person knowingly possesses with intent to

---

[1] We have noted:

> Because section 481.002(5) now defines a "controlled substance" to be any listed substance "including" adulterants and dilutants and because the term expressly "includes the aggregate weight of any mixture, solution, or other substance containing a controlled substance," it is arguably unnecessary to include allegations regarding "aggregate weight" or the presence of adulterants or dilutants in an indictment.

*Erskine v. State*, 191 S.W.3d 374, 379 n.4 (Tex. App.—Waco 2006, no pet.).

deliver a controlled substance of an amount of four grams or more but less than 200 grams." It also instructed that the State had to prove that the "cocaine was, by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams." It defined adulterant or dilutant to mean "any material that increased the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(49) (West Supp. 2013); *see also Erskine,* 191 S.W.3d at 379-80 (stating that hypothetically correct charge would have included these definitions).

> Thus, a hypothetically correct jury charge would have instructed the jury (with appropriate statutory definitions) to convict [defendant] if the jurors found beyond a reasonable doubt that he possessed with intent to deliver cocaine in the amount of "by aggregate weight, including adulterants or dilutants, four grams or more but less than 200 grams." *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon Supp. 2005).

*Erskine,* 191 S.W.3d at 380.

The State responds that the case law[2] relied on by Gamble was superseded by the statutory amendment of the definition of "controlled substance" to include adulterants or dilutants. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(5) (West Supp. 2013) (defining controlled substance to mean "a substance, including a drug, an adulterant, and a dilutant, listed in Schedules I through V or Penalty Groups 1, 1-A, or 2 through 4. The term includes the aggregate weight of any mixture, solution, or other substance containing a controlled substance."); *see* Act of May 26, 1997, 75th Leg., R.S., ch. 745, § 1, 1997 Tex. Gen. Laws 2411.

---

[2] *E.g., Fisher v. State,* 887 S.W.2d 49, 60 (Tex. Crim. App. 1994), *overruled by Malik v. State,* 953 S.W.2d 234 (Tex. Crim. App. 1997); *Vera v. State,* 800 S.W.2d 310, 311 (Tex. App.—Corpus Christi 1990, pet. ref'd).

Thus, "it would be unnecessary to require the State to prove that each grain of a powdery substance contains cocaine, ... . The Legislature did away with the requirement for this sort of hyper-technical analysis when it amended the definition of 'adulterant or dilutant.' " *Melton v. State,* 120 S.W.3d 339, 342-44 (Tex. Crim. App. 2003). And, the State asserts, no variance occurred because the court's charge merely incorporated the statutory definition of "controlled substance" into the application paragraph. We agree. *See Jackson v. State,* 94 S.W.3d 46, 50 (Tex. App.—Tyler 2002, pet. ref'd) ("The trial court correctly charged the jury, in language that tracked the statute, to consider the total weight of the seized material, which includes the weight of the adulterants and dilutants, together with the cocaine. Based upon our interpretation of 'controlled substance,' no variance existed between the indictment and the jury charge.").

Also, we rejected a similar argument in *Erskine*, as have our sister courts. *See Erskine,* 191 S.W.3d at 380; *Jackson,* 94 S.W.3d at 49-50; *see also Washington v. State,* No. 10-08-00230-CV, 2010 WL 2869772, at *2 (Tex. App.—Waco July 21, 2010, pet. ref'd) (mem. op., not designated for publication) ("the State was not required to prove the purity of the substance"); *Lilly v. State,* 119 S.W.3d 900, 904-05 (Tex. App.—Eastland 2003, pet. ref'd). The evidence was sufficient. *See Erskine,* 191 S.W.3d at 380; *Jackson,* 94 S.W.3d at 49-50. We overrule Gamble's sole issue and affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
          Justice Davis, and
          Justice Scoggins
Affirmed
Opinion delivered and filed June 26, 2014
Do Not Publish
[CRPM]